IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
    Plaintiff,

v.                                       No. 3:12-cr-30171-DRH-5

BRIAN R. LEWIS
    Defendant.

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Brian Lewis' ("Lewis") *pro se* Motion for Production of Discovery and Sentence Reduction (Doc. 669). Based on the following, the motion is **DENIED** for lack of jurisdiction.

On May 2, 2014, Lewis was sentenced to 71-months imprisonment followed by a 3-year term of supervised release after pleading guilty to 9-counts of various violations in relation to Theft, Interstate Shipment, and Possession of Stolen Goods (Doc. 470).[1] On November 3, 2017—3 ½ years after judgment was entered—Lewis filed the instant *pro se* motion requesting the Court produce discovery regarding his case, and also modify his imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 669).

After review of Lewis' filing, the Court **DENIES** his request for production of discovery and sentence modification based on lack of jurisdiction. *See Carlisle*

---

[1] Specifically, Lewis pled guilty to 1-count of Conspiracy to Commit Theft from Interstate Shipments and to Possess Stolen Goods in violation of 18 U.S.C. § 371, 2; 1-count of Theft of Interstate Shipment in violation of 18 U.S.C. § 659, 2; and 4-counts of Possession of Stolen Goods in violation of 18 U.S.C. § 2315, 2.

*v. United States*, 517 U.S. 416 (1996) (explaining once district court enters final judgment it lacks jurisdiction to continue to hear related issues); *see also* § 3582(c)(1)(A)(i) (stating Court may reduce term of imprisonment **only** upon motion of Director of Bureau of Prisons for extraordinary and compelling reasons).

Further, the Court **ADVISES** Lewis the following post-judgment motions are allowed *if timely filed*:

> FED. R. CRIM. P. 35, which allows for a correction or revision to a sentence rendered by the district court within 14-days after sentencing, unless the prosecutor files an appropriate motion or the court of appeals remands the case;

> Fed. R. Crim. P. 33, which provides for either (1) a new trial based on newly discovered evidence brought forth within 3-years after the verdict or finding of guilty, or (2) a new trial based on other grounds, which must be brought within 14-days after the verdict or guilty finding;

> 28 U.S.C. § 2255, which provides for a collateral attack on the sentence of a prisoner in federal custody.

**IT IS SO ORDERED**.

Judge Herndon
2017.11.10
10:16:02 -06'00'

**UNITED STATES DISTRICT JUDGE**